# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

Case Name:   In re: Motor Fuel Temperature Sales Practices Litigation

Appeal No. (if available) :    15-3221; 15-3227

Court/Agency Appeal From:    United States District Court for the District of Kansas

Court/Agency Docket No.:   MDL No: 1840; Case No. 07-MD-01840-KHV-JPO

District Judge:    The Honorable Katherine H. Vratil, Senior Judge

Party or Parties filing Notice of Appeal/Petition:    Speedway LLC, 7-Eleven Inc., Circle K Stores, Inc., Kum & Go, L.C., Marathon Petroleum Company LP, Murphy Oil USA, Inc., Pilot Travel Centers, LLC, Flying J, Inc., PTCAA Texas, LP, Racetrac Petroleum, Inc., Sheetz, Inc., QuikTrip Corporation, The Pantry, Inc., and Wawa, Inc.

I.   **TIMELINESS OF APPEAL OR PETITION FOR REVIEW**

   A.   **APPEAL FROM DISTRICT COURT**

   1.   Date notice of appeal filed:  September 17, 2015 and September 25, 2015

      a.   Was a motion filed for an extension of time to file the notice of appeal?  If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal:   No

      b.   Is the United States or an officer or an agency of the United States a party to this appeal?   No

   2.   Authority fixing time limit for filing notice of appeal:

7193969 v1

Fed. R. App. 4 (a)(1)(A) __X__     Fed. R. App. 4(a)(6) ____
Fed. R. App. 4 (a)(1)(B) ____     Fed. R. App. 4(b)(1) ____
Fed. R. App. 4 (a)(2)    __X__     Fed. R. App. 4(b)(3) ____
Fed. R. App. 4 (a)(3)    ____     Fed. R. App. 4(b)(4) ____
Fed. R. App. 4 (a)(4)    ____     Fed. R. App. 4(c)        ____
Fed. R. App. 4 (a)(5)    ____
Other: 28 U.S.C. § 1291; 28 U.S.C. § 1292(a)(1)

3. Date final judgment or order to be reviewed was filed and **entered** on the district court docket: On August 21, 2015, the District Court entered its Memorandum and Order sustaining Plaintiffs' Motion and Memorandum in Support of Final Approval of Class Action Settlements (doc. 4834). On September 22, 2015, the District Court effectuated the final approval order through its Entry of Judgment (doc. 4860).

4. Does the judgment or order to be reviewed dispose of **all claims** by and against **all** parties? *See* Fed. R. Civ. P. 54(b). Yes.

**(If the order being appealed is not final, please answer the following questions in this section.)**

    a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

    b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)?

    c. If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable?

5. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    a. Give the filing date of any motion under Fed. R. Civ. P. 50(b), 52(b), 59, 60, including any motion for reconsideration, and in a criminal appeal any motion for judgment of acquittal, for arrest of judgment or for new trial,

7193969 v1

        filed in the district court:  <u>No such motions were filed.</u>

    b.    Has an order been entered by the district court disposing of that motion, and, if so, when?

6.    Bankruptcy Appeals.  (To be completed only in appeals from a judgment, order or decree of a district court in a bankruptcy case or from an order of the Bankruptcy Appellate Panel.)

Are there assets of the debtor subject to administration by a district or bankruptcy court?

Please state the approximate amount of such assets, if known.
_____
_____

B.    **REVIEW OF AGENCY ORDER**  (To be completed only in connection with petitions for review or applications for enforcement filed directly with the Court of Appeals.)

1.    Date petition for review was filed:

2.    Date of the order to be reviewed: _____

3.    Specify the statute or other authority granting the court of appeals jurisdiction to review the order:  _____
_____

4.    Specify the time limit for filing the petition (cite specific statutory section or other authority):  _____
_____

C.    **APPEAL OF TAX COURT DECISION**

1.    Date notice of appeal was filed:
(If notice was filed by mail, attach proof of postmark.)

2.    Time limit for filing notice of appeal: _____

7193969 v1

3. Date of entry of decision appealed: _____

4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

II. **LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S).**

Appeal Nos. 10-3101 (04/05/2010) and 10-3086 (04/08/2010), consolidated appeals involving multiple defendants' petition for writ of mandamus (10-3101) and multiple defendant's interlocutory appeal (10-3086) regarding District Court's order that discovery of third party trade association materials were not protected from disclosure by the First Amendment; substantive decision regarding First Amendment Associational Privilege reported at 641 F.3d 470 (10th Cir. 2011).

Appeal Nos. 10-601 (06/11/2010) multiple defendants' Rule 23(f) petition for permission to appeal class certification decision and challenging subject matter jurisdiction.

Appeal No. 10-602 (06/11/2010), multiple defendants' Rule 23(f) petition for permission to appeal class certification decision.

Appeal No. 12-600 (02/02/2012), multiple defendants Rule 23(f) petition for permission to appeal order denying motion to decertify classes.

Appeal No. 12-3144 (06/09/2012), other objectors' appeal of the district court's final approval of settlement of claims relating to settling defendant Costco Wholesale Corporation.

Appeal No. 12-3145 (06/20/2012), other objectors' appeal of the district court's final approval of settlement of claims relating to settling defendant Costco Wholesale Corporation.

Appeal Nos. 13-601 (04/22/2013) and 13-602 (04/22/2013), consolidated appeals involving multiple defendants' Rule 23(f) petition for permission to appeal order denying motion to decertify classes  post US Supreme Court's *Dukes* decision reported at 131 S.Ct. 2541 (2011) and challenging subject matter jurisdiction.

Appeal No. 13-3220, *pro se* appeal by Plaintiff Leslie Duke from unnamed orders.

III. **GIVE A BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW.**

The underlying class actions were transferred to the District of Kansas as part of an MDL. Plaintiffs represent classes of consumers in twenty-six states, the District of Columbia and Guam, who claim that they have been harmed by the retail sale of motor fuel in volumetric gallons. Volumetric gallons are a standard of measurement set by federal and state weights and measures regulators. The standard of measurement for retail fuel is codified into law. Nonetheless, Plaintiffs assert the method of selling fuel in volumetric gallons is inherently deceptive and unfair and allege numerous causes of actions, including breach of contract, unjust enrichment, violations of various state consumer protections laws, and civil conspiracy and that a different standard of measurement should be used to price, advertise and deliver retail fuel. Objectors argue that the choice of whether to sell retail motor fuel on a temperature-compensated basis, as opposed to a volumetric basis, is not a term of the contract that is subject to negotiation between the parties. It is a policy choice committed to Congress by the Weights and Measures Clause of the United States Constitution for interstate commerce. It is a non-justiciable political question. It is a policy choice, which has been debated and approved at the federal and state legislative and regulatory levels for over three decades.

Objectors were named Defendants in the MDL. Certain Objectors were Defendants in a bellwether jury trial of the Kansas class claims in September of 2012. The jury unanimously found the selling of motor fuel in volumetric gallons was an appropriate and non-deceptive method of sale. Judgment was entered in favor of Objectors in the Kansas cases.

Additionally, certain Objectors were Defendants in the MDL cases originating in California. In 2013, the MDL court similarly granted summary judgment on the California claims, holding that California law expressly permits volumetric sales as a non-deceptive method of sale and no reasonable consumer could think otherwise. Judgment similarly was entered in favor of these Objectors in the California cases.

In the summer of 2012, prior to the bellwether trial, Plaintiffs negotiated ten settlements with ten of the MDL Defendants. In late 2012, the MDL court preliminarily approved the ten settlements. Prior to the remand of the remaining

California cases, Plaintiffs entered into additional settlement agreements in November and December 2013 with eighteen additional MDL Defendants. The MDL court preliminarily approved the additional eighteen settlements in 2014, and approved Plaintiffs' proposal to include the new settlements in the class notice plan which had been approved for the ten earlier settlements. Class members had through March 23, 2015, to opt out or object to all twenty-eight settlements. Objectors are former MDL Defendants and companies regulated under the scheme that is the subject of the settlement agreements. Objectors are also class members—they are entities who purchased motor fuel at retail during the class period and in the States at issue. Certain Objectors obtained judgment in their favor on certain underlying Plaintiffs' Claims (either at trial or on motion). Objectors were voluntarily dismissed with prejudice from all remaining actions in the MDL.[1]

The settlements, generally, involve two types of "relief" for class members, none of which involve any money to the class and all of which are contingent on the actions of third party regulators to change the law and approve a new method of sale for retail motor fuel. If the settlement terms succeed, then the regulatory framework in which Objectors do business will change and their economic and political interests will be adversely impacted. First, in twenty-four of the settlements, the settling Defendants have agreed to pay a sum of money into a "regulator" fund to induce state weights and measures regulators to approve implementation of Automatic Temperature Compensation ("ATC") equipment and to allegedly defray the inspection costs of ATC equipment. Second, in certain settlements, the agreement requires Plaintiffs' counsel to affirmatively participate in the political process to ensure regulatory approval of ATC so that ATC can then be implemented under the settlement obligations, and in two settlements, the settling Defendants are required to gain regulatory approval and/or agree not to engage in political speech or advocacy that would oppose regulatory approval of ATC. The settlements total over $42 million in payments, of which approximately $25 million has been sought for attorney fees, but none of which is to be paid to absent class members.

Speedway LLC, QuikTrip Corporation, 7-Eleven Inc., Circle K Stores, Inc., Kum & Go, L.C., Marathon Petroleum Company LP, Murphy Oil USA, Inc., Pilot Travel Centers, LLC, Flying J, Inc., PTCAA Texas, LP, Racetrac Petroleum, Inc., Sheetz, Inc., The Pantry, Inc., and Wawa, Inc. objected to all twenty-eight

---

[1] Two Objectors (Pilot Travel Centers and Flying J) remain defendants in the remanded cases of Pro Se Plaintiff Lesley Duke. *See Duke v Pilot Travel Centers* USDC ND California Case No. C 15-2566 PJF; *Duke v Flying J, Inc.* USDC ND California Case No. C 15-2564 PJH.

settlements as non-settling Defendants and as class members on five grounds: (1) the settlements violate Article III as they do not redress an injury caused by a violation of law because they are dependent on a prospective change in the law for any meaningful relief; (2) the settlements improperly compel some class members to fund speech with which they do not agree; (3) the settlements improperly skew political speech by silencing opposition speech or compelling political speech with which class members disagree; (4) the settlements improperly create the appearance of *quid pro quo* corruption; and (5) the settlements improperly usurp the prerogatives of federal and state regulators in violation of principles of federalism and separation of powers.

On August 21, 2015, the MDL court certified the classes at issue for settlement purposes and entered final approval of all twenty-eight settlement agreements. In doing so, the MDL Court rejected the arguments raised by Objectors while holding that they did not have standing to object as either class members or as non-settling defendants.

Just over a month later, on September 22, 2015, the MDL court entered Final Judgment effectuating the settlement agreements.

IV.   **ISSUES RAISED ON APPEAL.**

1.   Do Objectors have standing to object to the settlement agreement as either or both:

- Members of the settlement classes as defined in the settlement agreements?

- Nonsettling Defendants suffering plain legal prejudice because the settlements harm their business interests, their First Amendment speech and associational rights, and the systemic political and regulatory processes in which they operate?

2.   Do the settlements violate Article III, separation of powers, the Rules Enabling Act, and Rule 23 by failing to redress class injury and instead initiating a court-sanctioned lobbying campaign to change the law to create a new regulatory regime and permit a new business practice for selling retail fuel?

3.   Do the underlying lawsuits pose non-justiciable political questions beyond the reach of the judiciary and do the settlements involve forward-looking political arrangements beyond judicial power to approve and enforce?

    4.    Do the settlements violate the First Amendment by compelling speech with which absent class members disagree, and/or by committing class members' share of the class recovery to supporting a lobbying campaign for political change with which the class members disagree?

    5.    Do the settlements violate the First Amendment by creating court-enforced agreements that certain settling defendants will not engage in future political speech in opposition to ATC to silence their political viewpoint and by creating an appearance of *quid pro quo* corruption by weights and measures regulators, who are induced to change their votes from opposing ATC to favoring ATC in exchange for a portion of the settlement funds?

V. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

    A.    Does this appeal involve review under 18. U.S.C. § 3742(a) or (b) of the sentence imposed?

    B.    If the answer to question in A is yes, does the defendant also challenge the judgment of conviction? _____

    C.    Describe the sentence imposed. _____
_____

    D.    Was the sentence imposed after a plea of guilty? _____

    E.    If the answer to question D is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____

    F.    Is defendant on probation or at liberty pending appeal? _____

    G.    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____

    **NOTE**:    In the event expedited review is requested, the defendant shall consider whether a transcript of any portion of the trial court proceedings is

necessary for the appeal. Necessary transcripts must be ordered at the time of appeal by completing and delivering the transcript order form to the clerk of the district court when a notice of appeal is filed. Defendant/appellant must refrain from ordering any unnecessary transcript as this will delay the appeal. If the court orders this appeal expedited, it will set a schedule for preparation of necessary transcripts, for designation and preparation of the record on appeal, and for filing briefs. If issues other than sentencing are raised by this appeal, the court will decide whether bifurcation is desirable.

VI. **INDICATE WHETHER ORAL ARGUMENT IS DESIRED IN THIS APPEAL.** If so, please state why.

Oral argument is requested because this case presents novel issues of great public importance, complex issues of law, and substantial issues of Federal Constitutional law including:

- **Fundamental Constitutional First Amendment Freedoms:** This question of first impression involves one of our most precious civil liberties - freedom of speech and freedom of association. The settlements skew the political process and abridge speech. They force absent class members to support political speech they oppose and require certain settling defendants to refrain from speech and compel silence.

- **Subject Matter Jurisdiction, Justiciability, and the Political Question Doctrine:** The MDL court's exercise of jurisdiction violates basic principles of subject matter jurisdiction and the political question doctrine. The issues raised in the underlying Complaints raise non-justiciable political questions and raise issues textually committed to the political branches of government.

- **Broad Implications Beyond This Litigation on the Class Action Vehicle and the Motor Fuel Industry:** The MDL court approved a far-reaching settlement agreement that goes beyond private promises of change by the settling defendants to require attempts to shift the regulatory and political

process and disrupt the way in which the public has purchased motor fuel at retail for nearly a decade. Using the class action settlement process to achieve a forward-looking business and political arrangement that seeks to subvert the political process has been rejected by other courts. *Authors Guild v. Google, Inc.*, 770 F. Supp. 2d 666, 677 (S.D.N.Y. 2011). The complexity of the issues on the limits on judicial power imposed by the Constitution and the Rules Enabling Act and the implications for future class action settlements and the entire retail motor fuel industry necessitate oral argument.

**VII. ATTORNEY FILING DOCKETING STATEMENT:**

Name**:**  Tristan L. Duncan           Telephone: (816) 474-6550

Firm:  Shook Hardy & Bacon, L.L.P.

Email Address:  tlduncan@shb.com

Address:    2555 Grand Boulevard
            Kansas City, Missouri 64108
            Tel: (816) 474-6550
            Fax: (816) 421-5547


**PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:**

A.   X   Appellant

         Petitioner

         Cross-Appellant

B.   **PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

     X   Retained Attorney

         Court-Appointed

         Employed by a government entity
             (please specify_____)

7193969 v1

Employed by the Office of the Federal Public Defender.

| | |
|---|---|
| <u>/s/ Tristan L. Duncan</u> | <u>October 9, 2015</u> |
| Signature | Date |
| Attorney at Law | |

7193969 v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2015, I electronically filed this Docketing Statement with the Clerk of the Appellate court by using the CM/ECF system which will send notice of electronic notification of such filing to the following:

Robert A. Horn rhorn@hab-law.com
Joseph A. Kronawitter  jkronawitter@hab-law.com
Mary Rose Alexander mary.rose.alexander@lw.com
Kirsten Ferguson Kirsten.ferguson@lw.com
Elizabeth Frank Elizabeth_Frank@aporter.com
Thomas Heiden Thomas.heiden@lw.com
Donald Earl Lake, III  dlake@lathropgage.com
Garrett Long garrett.long@lw.com
Martin M. Loring martin.loring@huschblackwell.com
Douglas M. Todd ecf@phillpsmurrah.com
David Michael Harris  dmh@greensfelder.com
Sherry Perkins Bartley sbartley@mwlaw.com
John J. Griffin, Jr. john.griffin@crowedunlevy.com
William Frank Ford wford@lathropgage.com
John J. Griffin, Jr.  john.griffin@crowedunlevy.com

I further certify that on October 9, 2015, I have served the following by first class mail, postage prepaid to the following:

Elizabeth G. Frank
Arnold & Porter, LLP
777 South Figuroroa Street
44th Floor
Los Angeles CA  90017

Robert A. Horn
Horn Aylward & Bandy
2600 Grand Blvd, Ste 1100
Kansas City MO  64018

Douglas M. Todd

7193969 v1


Phillips Murrah
Corporate Tower 13th Floor
1010 North Robinson Ave.
Oklahoma City OK  73102

                                    /s/ Tristan L. Duncan
                                    Attorney for Appellants/Objectors

7193969 v1